RONALD ADY, PLLC (USB 3694)
8 E. Broadway, Ste. 725
Salt Lake City, UT 84111
(801) 530-3122
(801) 746-3501 fax

Attorney for Plaintiff

FILED
U.S. DISTRICT COURT

2009 DEC 14  P 10: 02

DISTRICT OF UTAH

BY:_____

## IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| ROBERT LISH,<br><br>　　　Plaintiff,<br><br>　　　　　v.<br><br>CASHNETUSA.COM, COMMONWEALTH RECOVERY SERVICE, LLC, JOEL WILLIAMS, DEBT MANAGEMENT PARTNERS, LLC, AVANTEUSA LTD., DWAYNE (an employee of AvanteUSA Ltd.), MARVEL & ASSOCIATES, JOHN DOE I, JOHN DOE II, JANE DOE I, P.N. FINANCIAL & ASSOCIATES, JOHN T. SULLIVAN, and ROBERT JENSON.<br><br>　　　Defendants. | **COMPLAINT**<br><br>Case:　2:09-cv-1093<br>Assigned To:　Campbell, Tena<br>Assign. Date:　12/15/2009<br>Description:　Lish v. CashNetUSA.com et al |

### COMPLAINT

　　1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), l5 U.S.C.

§ l692 and the Utah Consumer Sales Practices Act (UCSPA), Utah Code Ann. § 13-11-1 et seq.

　　2. The Court has jurisdiction pursuant to l5 U.S.C. § 1692k; 28 U.S.C. § l331, § 1367.

　　3. Plaintiff is a natural person who resides in Utah.

　　4. Plaintiff is a consumer within the FDCPA.

　　5. Plaintiff is a consumer within the UCSPA.

6. Within the UCSPA the Defendant CASHNETUSA.COM is a supplier enforcing a consumer transaction against the Plaintiff.

7. Defendant has a place of business at 200 W. Jackson Blvd., 14th Flr., Chicago, IL 60606-6941.

8. Defendant Debt Management Partners, LLC is a debt collector within the FDCPA.

9. Within the UCSPA the Defendant Debt Management Partners, LLC is a supplier enforcing a consumer transaction against the Plaintiff.

10. Defendant Debt Management Partners is a Delaware entity whose registered agent in Delaware is Business Filings Incorporated, 108 West 13th St., Wilmington, Delaware 19801.

11. Defendant Commonwealth Recovery Services is a debt collector within the FDCPA.

12. Within the UCSPA the Defendant Commonwealth Recovery Services (CRS) is a supplier enforcing a consumer transaction against the Plaintiff.

13. Defendant CRS has a place of business at 2005 Niagara Falls Boulevard, Ste. 4, Amherst, New York.

14. Defendant Joel Williams is an employee or duly authorized representative of CRS.

15. Defendant Joel Williams is a debt collector within the FDCPA.

16. Within the UCSPA the Defendant Joel Williams is a supplier enforcing a consumer transaction against the Plaintiff.

17. Defendant AvanteUSA Ltd. is a debt collector within the FDCPA.

18. Within the UCSPA the Defendant AvanteUSA Ltd. is a supplier enforcing a consumer transaction against the Plaintiff.

19. Defendant has a place of business at 2950 S. Gessner Rd., Houston, TX 77063.

20. Defendant Dwayne is an employee or duly authorized representative of the defendant AvanteUSA.

21. Defendant Dwayne is a debt collector within the FDCPA.

22. Within the UCSPA the Defendant Dwayne is a supplier enforcing a consumer transaction

2

against the Plaintiff.

23. Defendant Marvel & Associates is a debt collector within the FDCPA.

24.  Within the UCSPA the Defendant Marvel & Associates is a supplier enforcing a consumer transaction against the Plaintiff.

25. Defendant Marvel & Associates has a place of business at P.O. Box 974, Getzville, NY 14068.

26. Defendant John Doe I is an employee or duly authorized representative of Marvel & Associates.

27. Defendant John Doe I is a debt collector within the FDCPA.

28.  Within the UCSPA the Defendant John Doe I is a supplier enforcing a consumer transaction against the Plaintiff.

29. Defendant John Doe II is an employee or duly authorized representative of Marvel & Associates, and is also a collection manager or an employee who or authorized representative who on occasion purports to be a collection manager for Marvel & Associates.

30. Defendant John Doe II is a debt collector within the FDCPA.

31.  Within the UCSPA the Defendant John Doe II is a supplier enforcing a consumer transaction against the Plaintiff.

32. Defendant Jane Doe I is an employee or duly authorized representative of Marvel & Associates.

33. Defendant Jane Doe I is a debt collector within the FDCPA.

34.  Within the UCSPA the Defendant Jane Doe I is a supplier enforcing a consumer transaction against the Plaintiff.

35. Defendant P.N. Financial & Associates is a debt collector within the FDCPA.

36.  Within the UCSPA the Defendant P.N. Financial & Associates is a supplier enforcing a

consumer transaction against the Plaintiff.

37. Defendant P.N. Financial & Associates has a place of business at P.O. Box 1431, Skokie, Il. 60076.

38. Defendant John T. Sullivan is an employee or duly authorized representative of the defendant P.N. Financial & Associates.

39. Defendant John T. Sullivan I is a debt collector within the FDCPA.

40. Within the UCSPA the Defendant John T. Sullivan is a supplier enforcing a consumer transaction against the Plaintiff.

41. Defendant Robert Jenson is an employee or duly authorized representative of the defendant P.N. Financial & Associates.

42. Defendant Robert Jenson is a debt collector within the FDCPA.

43. Within the UCSPA the Defendant John T. Sullivan is a supplier enforcing a consumer transaction against the Plaintiff.

44. On April 28, 2008 Plaintiff took out an online payday loan for $850.00 from the Defendant CashNetUSA.com.

45. On May 16, 2008 Plaintiff was no longer able to make his payments on the loan from the defendant CashNetUSA, and then in September of 2008 CashNetUSA offered Plaintiff a settlement on the account in the amount $986.25 on a claimed total balance due of $1,315.00.

46. On or about December 13, 2008 an individual identifying himself as Joel Williams of Commonwealth Recovery Service (CRS) telephoned the Plaintiff and advised him that CRS was collecting on a balance of over $3,000.00 due on the Plaintiff's loan with the defendant CashNetUSA.

47. Williams then offered the Plaintiff a settlement amount of $1572.80 and threatened the Plaintiff that unless he paid this amount CRS would be filing court documents with the Salt Lake County Sheriff and Plaintiff would be arrested for defrauding a financial institution.

48. Plaintiff made a first payment on the agreed settlement of $786.40 on December 20, 2008 and

4

a second and final payment on the agreed settlement of $786.40 on April 1, 2009, thus settling and paying his debt with the defendant CashNetUSA in full. Attached as Appendix A and B to this Complaint are true copies of those payments.

49. On March 27, 2009 Plaintiff's wife Elizabeth received a voicemail on her telephone stating the caller needed to speak to Plaintiff about a very important business matter. That same day the Plaintiff returned that call and learned that it was the defendant Marvel & Associates calling to collect on the Plaintiff's CashNetUSA account.

50. Plaintiff informed Marvel & Associates collector, John Doe I, that the Plaintiff had already made arrangements to pay off the CashNetUSA account with another collection agency, and then advised John Doe I that the Plaintiff had been unemployed since December 2008. The defendant John Doe I then became very rude, threatening and abusive by repeatedly insisting in a loud voice that the Plaintiff's CashNetUSA account had been sold to Marvel & Associates by CashNetUSA, and threatening the Plaintiff with the filing of a legal action with the Salt Lake City courts unless the Plaintiff paid the CashNetUSA account.

51. After repeated threats and argument from the defendant John Doe I, the Plaintiff finally was able to have the call transferred to John Doe II, John Doe I's collection manager. John Doe II again repeatedly insisted that Marvel & Associates now controlled the Plaintiff's CashNetUSA account and that the Plaintiff must make immediate payment arrangements. A short time later Plaintiff terminated the call.

52. Plaintiff then immediately called CSR and spoke to an unidentified person who stated he was unaware of the Plaintiff's CashNetUSA account being sold to anyone and that the account was still active with CSR. Specifically relying upon those representations, the Plaintiff then proceeded to make the final payment of $786.40 on the CashNetUSA account.

53. On July 31, 2009 the Plaintiff's wife retrieved a voicemail on her phone from an individual stating that they were calling regarding an urgent business matter. Plaintiff returned that voicemail and a

5

female collector from Marvel & Associates, Jane Doe I, responded. In response to Jane Doe I's demand for payment on the CashNetUSA account, Plaintiff advised that the CashNetUSA account had been paid in full and faxed copies of the checks showing payment to Marvel & Associates.

54. On October 16, 2009 Plaintiff's father retrieved a voicemail on his phone advising that the caller needed to discuss a very important business matter with the Plaintiff.

55. Plaintiff called the phone number his father provided and spoke with the defendant Dwayne, a collector with the defendant AvanteUSA Ltd., who advised the Plaintiff that the defendant AvanteUSA Ltd. was collecting on the Plaintiff's CashNetUSA account. Plaintiff informed Dwayne that the account had been paid in full.

56. In response to Dwayne's request, the Plaintiff faxed proof of payment to the defendant AvanteUSA.

57. As a result of this call, Plaintiff telephoned the defendant CashNetUSA and was told that his account had been charged off and was in collection status, that the account was controlled by the defendant Debt Management Partners, and that all further communications must be with Debt Management Partners.

58. Plaintiff then contacted Debt Management Partners and explained that he had paid the CashNetUSA account in full. Debt Management Partners then told the Plaintiff to contact CSR, its subsidiary, which would then update the Plaintiff's collection case for the CashNetUSA account and mark it as paid.

59. In response, Plaintiff made repeated telephone calls to CSR and left repeated voicemails but was never able to get through to anyone with CSR and never received a return telephone call from it.

60. On November 9, 2009 Plaintiff received a collection letter dated November 6, 2009 from P.N. Financial & Associates referencing the CashNetUSA account. The collection letter threatened him with a lawsuit and judgment on the account unless he paid. The letter was signed by "John T. Sullivan, PC, Attorney at Law".

6

61. That letter was the defendant P.N. Financial & Associates first written communication with the Plaintiff regarding the CashNetUSA account. A true copy of that letter is attached as Appendix C to this Complaint.

62. Within a few days Plaintiff received a second letter from the Defendant P.N. Financial & Associates, signed by the defendant Robert Jenson. A true copy of that letter is attached as Appendix D.

63. Plaintiff then telephoned the number on that letter and spoke with Robert Jenson, a collector for P.N. & Associates. Jenson was very argumentative and insisted that Plaintiff had never paid anything on the CashNetUSA account. Jenson advised that if the Plaintiff would pay $500.00 by November 30, 2009 then the account would be settled in full. Plaintiff advised that he wanted to see the settlement documents in writing.

64. Jenson sent to the Plaintiff an email with the settlement documents for the $500.00 payment attached.

65. On November 17, 2009 Plaintiff again telephoned P.N. Financial & Associates and spoke with the defendant Robert Jenson. Plaintiff advised Jenson that the Plaintiff would be paying nothing on the CashNetUSA account and that Jenson and P.N. Financial & Associates were not to further contact Plaintiff at home or at work, are not to further contact any of the Plaintiff's family and that Plaintiff had already paid the debt in full.

66. P.N Associates then called the Plaintiff on three more occasions but the Plaintiff rejected all three calls.

67. On information and belief, the defendants CashNetUSA and Debt Management Partners have a pattern and practice of continuing collection on a debt after a collection agency retained by them or collecting on their behalf has settled the debt with the debtor.

68. The defendants Debt Management Partners, Commonwealth Recovery Service, Marvel & Associates, AvanteUSA and P.N. Financial & Associates are each collection agencies governed by the Utah Collection Agency Act, Utah Code Ann. § 12-1-1 et seq. However, at all times material to the

Plaintiff's claims none of these defendants was registered with the State of Utah as required by the Utah Collection Agency Act.

<p style="text-align:center"><strong>FIRST COUNT - UCSPA VIOLATIONS CASHNETUSA & DMP</strong></p>

69. Plaintiff incorporates paragraphs 1 through 68 above.

70. At all times material to Plaintiff's claims the defendant CashNetUSA, in conjunction with Debt Management Partners, through its duly authorized representative, Commonwealth Recovery Service, enforced collection of the account against the Plaintiff.

71. Accordingly, CashNetUSA and Debt Management Partners, through the acts and practices of Commonwealth Recovery Service violated the Utah Consumer Sales Practices Act, § 13-11-4, including subsection 4(2)(a)(indicating that payment of the account would have the benefit of terminating collection efforts on the account), subsection 4(2)(j)(i)(indicating that a consumer transaction involves the obligation to pay or face criminal charges, and that payment would involve the remedy of the termination of debt collection efforts, when it did not), subsection 4(2)(r)(charging the consumer for a consumer transaction that was not previously agreed to by the consumer).

72. Further, at all times material to Plaintiff's claims the defendant CashNetUSA, in conjunction with Debt Management Partners, through its duly authorized representative, Marvel & Associates, enforced collection of the account against the Plaintiff.

73. Accordingly, CashNetUSA and Debt Management Partners, through the acts and practices of Marvel & Associates violated the Utah Consumer Sales Practices Act, § 13-11-4, including subsection 4(2)(a)(indicating that payment of the account would have the benefit of terminating collection efforts on the account), subsection 4(2)(j)(i)(indicating that a consumer transaction involves the obligation to pay or face criminal charges, and that payment would involve the remedy of the termination of debt collection efforts, when it did not), subsection 4(2)(r)(charging the consumer for a consumer transaction that was not previously agreed to by the consumer).

74. Further, at all times material to Plaintiff's claims the defendant CashNetUSA, in conjunction

<p style="text-align:center">8</p>

with Debt Management Partners, through its duly authorized representative, AvanteUSA Ltd., enforced collection of the account against the Plaintiff.

75. Accordingly, CashNetUSA and Debt Management Partners, through the acts and practices of AvanteUSA Ltd. violated the Utah Consumer Sales Practices Act, § 13-11-4, including subsection 4(2)(a)(indicating that payment of the account would have the benefit of terminating collection efforts on the account), subsection 4(2)(j)(i)(indicating that a consumer transaction involves the remedy of the termination of a debt collection action when it did not), subsection 4(2)(r)(charging the consumer for a consumer transaction that was not previously agreed to by the consumer).

76. Further, at all times material to Plaintiff's claims the defendant CashNetUSA, in conjunction with Debt Management Partners, through its duly authorized representative, P.N. Financial & Associates, enforced collection of the account against the Plaintiff.

77. Accordingly, CashNetUSA and Debt Management Partners, through the acts and practices of P.N. Financial & Associates violated the Utah Consumer Sales Practices Act, § 13-11-4, including subsection 4(2)(a)(indicating that payment of the account would have the benefit of terminating collection efforts on the account), subsection 4(2)(j)(i)(indicating that a consumer transaction involves the obligation to pay or have a legal action commenced to enforce the consumer transaction, and that payment would involve the remedy of the termination of debt collection efforts, when it did not), subsection 4(2)(r)(charging the consumer for a consumer transaction that was not previously agreed to by the consumer).

78. Each of the acts and practices described above which violated the Utah Consumer Sales Practices Act, § 13-11-4 were committed within two years prior to the date of this action.

**SECOND COUNT - UCSPA VIOLATIONS COMMONWEALTH RECOVERY SERVICE**

79. Plaintiff incorporates paragraphs 1 through 78 above.

80. In committing the act and practices referred to above, Commonwealth Recovery Service violated the Utah Consumer Sales Practices Act, § 13-11-4, including subsection 4(2)(a)(indicating that

payment of the account would have the benefit of terminating collection efforts on the account), subsection 4(2)(j)(i)(indicating that a consumer transaction involves the obligation to pay or face criminal charges, and that payment would involve the remedy of the termination of debt collection efforts, when it did not), subsection 4(2)(r)(charging $3,000.00 on the account, thus charging the consumer for a consumer transaction that was not previously agreed to by the consumer).

81. Within two years prior to the date of this action the defendant Commonwealth Recovery Service engaged in acts and practices as to Plaintiff in violation of the Utah Consumer Sales Practices Act, § 13-11-4.

## THIRD COUNT - UCSPA VIOLATIONS JOEL WILLIAMS

82. Plaintiff incorporates paragraphs 1 through 81 above.

83. The act and practices of the Defendant Joel Williams stated above violated the Utah Consumer Sales Practices Act, § 13-11-4, including subsection 4(2)(a)(indicating that payment of the account would have the benefit of terminating collection efforts on the account), subsection 4(2)(j)(i)(indicating that a consumer transaction involves the obligation to pay or face criminal charges, and that payment would involve the remedy of the termination of debt collection efforts, when it did not), subsection 4(2)(r)(charging the consumer for a consumer transaction that was not previously agreed to by the consumer).

84. Within two years prior to the date of this action the defendant Joel Williams engaged in acts and practices as to Plaintiff in violation of the Utah Consumer Sales Practices Act, § 13-11-4.

## FOURTH COUNT - UCSPA VIOLATIONS MARVEL & ASSOCIATES

85. Plaintiff incorporates paragraphs 1 through 84 above.

86. The acts and practices of Marvel & Associates stated above violated the Utah Consumer Sales Practices Act, § 13-11-4, including subsection 4(2)(a)(indicating that payment of the account would have the benefit of terminating collection efforts on the account), subsection 4(2)(j)(i)(indicating that a consumer transaction involves the obligation to pay or face criminal charges, and that payment would

involve the remedy of the termination of debt collection efforts, when it did not), subsection 4(2)(r)(charging the consumer for a consumer transaction that was not previously agreed to by the consumer).

87.  Within two years prior to the date of this action the defendant Marvel & Associates engaged in acts and practices as to Plaintiff in violation of the Utah Consumer Sales Practices Act, § 13-11-4.

## FIFTH COUNT - UCSPA VIOLATIONS JOHN DOE I

88.  Plaintiff incorporates paragraphs 1 through 87 above.

89. The acts and practices of the defendant John Doe I stated above violated the Utah Consumer Sales Practices Act, § 13-11-4, including subsection 4(2)(a)(indicating that payment of the account would have the benefit of terminating collection efforts on the account), subsection 4(2)(j)(i)(indicating that a consumer transaction involves the obligation to pay or face criminal charges, and that payment would involve the remedy of the termination of debt collection efforts, when it did not), subsection 4(2)(r)(charging the consumer for a consumer transaction that was not previously agreed to by the consumer).

90.  Within two years prior to the date of this action the defendant John Doe I engaged in acts and practices as to Plaintiff in violation of the Utah Consumer Sales Practices Act, § 13-11-4.

## SIXTH COUNT - UCSPA VIOLATIONS JOHN DOE II

91.  Plaintiff incorporates paragraphs 1 through 90 above.

92. The acts and practices of John Doe II stated above violated the Utah Consumer Sales Practices Act, § 13-11-4, including subsection 4(2)(a)(indicating that payment of the account would have the benefit of terminating collection efforts on the account), subsection 4(2)(j)(i)(indicating that a consumer transaction involves the obligation to pay or face criminal charges, and that payment would involve the remedy of the termination of debt collection efforts, when it did not), subsection 4(2)(r)(charging the consumer for a consumer transaction that was not previously agreed to by the consumer).

93.  Within two years prior to the date of this action the defendant John Doe II engaged in acts and practices as to Plaintiff in violation of the Utah Consumer Sales Practices Act, § 13-11-4.

## SEVENTH COUNT - UCSPA VIOLATIONS JANE DOE I

94.  Plaintiff incorporates paragraphs 1 through 93 above.

95.  The acts and practices of Jane Doe I stated above violated the Utah Consumer Sales Practices Act, § 13-11-4, including subsection 4(2)(a)(indicating that payment of the account would have the benefit of terminating collection efforts on the account), subsection 4(2)(r)(charging the consumer for a consumer transaction that was not previously agreed to by the consumer).

96.  Within two years prior to the date of this action the defendant Jane Doe I engaged in acts and practices as to Plaintiff in violation of the Utah Consumer Sales Practices Act, § 13-11-4.

## EIGHTH COUNT - UCSPA VIOLATIONS AVANTEUSA

97.  Plaintiff incorporates paragraphs 1 through 96 above.

98.  The acts and practices of AvanteUSA Ltd. stated above violated the Utah Consumer Sales Practices Act, § 13-11-4, including subsection 4(2)(a)(indicating that payment of the account would have the benefit of terminating collection efforts on the account), subsection 4(2)(j)(i)(indicating that a consumer transaction involves the remedy of the termination of a debt collection action when it did not), subsection 4(2)(r)(charging the consumer for a consumer transaction that was not previously agreed to by the consumer).

99.  Within two years prior to the date of this action the defendant AvanteUSA engaged in acts and practices as to Plaintiff in violation of the Utah Consumer Sales Practices Act, § 13-11-4.

## NINTH COUNT - UCSPA VIOLATIONS DWAYNE, AVANTEUSA EMPLOYEE

100.  Plaintiff incorporates paragraphs 1 through 73 above.

101.  The acts and practices of Dwayne, AvanteUSA Ltd. employee, stated above violated the Utah Consumer Sales Practices Act, § 13-11-4, including subsection 4(2)(a)(indicating that payment of the account would have the benefit of terminating collection efforts on the account), subsection

4(2)(j)(i)(indicating that a consumer transaction involves the remedy of the termination of a debt collection action when it did not), subsection 4(2)(r)(charging the consumer for a consumer transaction that was not previously agreed to by the consumer).

102.  Within two years prior to the date of this action the defendant Dwayne, AvanteUSA employee, engaged in acts and practices as to Plaintiff in violation of the Utah Consumer Sales Practices Act, § 13-11-4.

### TENTH COUNT - UCSPA VIOLATIONS P.N. FINANCIAL & ASSOCIATES

103.  Plaintiff incorporates paragraphs 1 through 61 above.

104.  The acts and practices of P.N. Financial & Associates stated above violated the Utah Consumer Sales Practices Act, § 13-11-4, including subsection 4(2)(a)(indicating that payment of the account would have the benefit of terminating collection efforts on the account), subsection 4(2)(j)(i)(indicating that a consumer transaction involves the obligation to pay or have a legal action commenced to enforce the consumer transaction, and that payment would involve the remedy of the termination of debt collection efforts, when it did not), subsection 4(2)(r)(charging the consumer for a consumer transaction that was not previously agreed to by the consumer).

105.  Within two years prior to the date of this action the defendant P.N. Financial & Associates engaged in acts and practices as to Plaintiff in violation of the Utah Consumer Sales Practices Act, § 13-11-4.

### ELEVENTH COUNT - UCSPA VIOLATIONS JOHN T. SULLIVAN

106.  Plaintiff incorporates paragraphs 1 through 67 above.

107.  The acts and practices of John T. Sullivan on behalf of P.N. Financial & Associates stated above violated the Utah Consumer Sales Practices Act, § 13-11-4, including subsection 4(2)(a)(indicating that payment of the account would have the benefit of terminating collection efforts on the account), subsection 4(2)(j)(i)(indicating that a consumer transaction involves the obligation to pay or have a legal action commenced to enforce the consumer transaction, and that payment would involve the remedy of

13

the termination of debt collection efforts, when it did not), subsection 4(2)(r)(charging the consumer for a consumer transaction that was not previously agreed to by the consumer).

108. Within two years prior to the date of this action the defendant P.N. Financial & Associates engaged in acts and practices as to Plaintiff in violation of the Utah Consumer Sales Practices Act, § 13-11-4.

## TWELFTH COUNT - UCSPA VIOLATIONS ROBERT JENSON

109. Plaintiff incorporates paragraphs 1 through 70 above.

110. The acts and practices of Robert Jenson on behalf of P.N. Financial & Associates stated above violated the Utah Consumer Sales Practices Act, § 13-11-4, including subsection 4(2)(a)(indicating that payment of the account would have the benefit of terminating collection efforts on the account), subsection 4(2)(j)(i)(indicating that a consumer transaction involves the obligation to pay or have a legal action commenced to enforce the consumer transaction, and that payment would involve the remedy of the termination of debt collection efforts, when it did not), subsection 4(2)(r)(charging the consumer for a consumer transaction that was not previously agreed to by the consumer).

111. Within two years prior to the date of this action the defendant P.N. Financial & Associates engaged in acts and practices as to Plaintiff in violation of the Utah Consumer Sales Practices Act, § 13-11-4.

## THIRTEENTH COUNT - FDCPA VIOLATIONS BY DEBT COLLECTOR DEFENDANTS

112. Plaintiff incorporates paragraphs 1 through 111 above.

113. In relation to the above acts and practices stated above, the defendant Commonwealth Recovery Service committed numerous violations of the FDCPA including § 1692e(2)(A)(character, amount, or legal status of the debt); § 1692e(4)(false representation that nonpayment will result in the arrest of Plaintiff); § 1692e(5)(the threat to take action that could legally be taken); § 1692f(a)(collection of an amount not authorized by the agreement).

114. In relation to the above acts and practices stated above, the defendant Joel Williams

14

committed numerous violations of the FDCPA including § 1692e(2)(A)(character, amount, or legal status of the debt); § 1692e(4)(false representation that nonpayment will result in the arrest of Plaintiff); § 1692e(5)(the threat to take action that could legally be taken); § 1692f(a)(collection of an amount not authorized by the agreement).

115. In relation to the above acts and practices stated above, the defendant Marvel & Associates committed numerous violations of the FDCPA including § 1692e(2)(A)(character, amount, or legal status of the debt); § 1692e(4)(false representation that nonpayment will result in the arrest of Plaintiff); § 1692e(5)(the threat to take action that could legally be taken); § 1692f(a)(collection of an amount not authorized by the agreement).

116. In relation to the above acts and practices stated above, the defendant John Doe I committed numerous violations of the FDCPA including § 1692e(2)(A)(character, amount, or legal status of the debt); § 1692e(4)(false representation that nonpayment will result in the arrest of Plaintiff); § 1692e(5)(the threat to take action that could legally be taken); § 1692f(a)(collection of an amount not authorized by the agreement).

117. In relation to the above acts and practices stated above, the defendant John Doe II committed numerous violations of the FDCPA including § 1692e(2)(A)(character, amount, or legal status of the debt); § 1692e(5)(the threat to take action that could legally be taken); § 1692f(a)(collection of an amount not authorized by the agreement).

118. In relation to the above acts and practices stated above, the defendant Jane Doe I committed numerous violations of the FDCPA including § 1692e(2)(A)(character, amount, or legal status of the debt); § 1692e(5)(the threat to take action that could legally be taken); § 1692e(11)(failure to disclose any information obtained will be used to collect on the debt); § 1692f(a)(collection of an amount not authorized by the agreement).

119. The defendant AvanteUSA committed numerous violations of the FDCPA including § 1692e(2)(A)(character, amount, or legal status of the debt); § 1692e(5)(the threat to take action that could

15

legally be taken); § 1692f(a)(collection of an amount not authorized by the agreement).

120.   The defendant Dwayne committed numerous violations of the FDCPA including § 1692e(2)(A)(character, amount, or legal status of the debt); § 1692e(5)(the threat to take action that could legally be taken); § 1692f(a)(collection of an amount not authorized by the agreement).

121.   The defendant P.N. Financial & Associates committed numerous violations of the FDCPA including § 1692e(2)(A)(character, amount, or legal status of the debt); § 1692e(4)(the false representation that John T. Sullivan is an attorney and that the November 6, 2009 letter was from an attorney); § 1692e(4)(false representation that nonpayment will result in the arrest of Plaintiff); § 1692e(5)(the threat to take action that could legally be taken); § 1692e(11)(failure to disclose any information obtained will be used to collect on the debt); § 1692f(a)(collection of an amount not authorized by the agreement); and § 1692g (failure to disclose validation rights to consumer).

122.   The defendant John T. Sullivan committed numerous violations of the FDCPA including § 1692e(2)(A)(character, amount, or legal status of the debt); § 1692e(4)(the false representation that John T. Sullivan is an attorney and that the November 6, 2009 letter was from an attorney); § 1692e(4)(false representation that nonpayment will result in the arrest of Plaintiff); § 1692e(5)(the threat to take action that could legally be taken); § 1692e(11)(failure to disclose any information obtained will be used to collect on the debt); § 1692f(a)(collection of an amount not authorized by the agreement); and § 1692g (failure to disclose validation rights to consumer).

123.   The defendant Robert Jenson committed numerous violations of the FDCPA including § 1692e(2)(A)(character, amount, or legal status of the debt); 1692e(5)(the threat to take action that could not legally be taken); § 1692e(11)(failure to disclose any information obtained will be used to collect on the debt); § 1692f(a)(collection of an amount not authorized by the agreement); and § 1692g (failure to disclose validation rights to consumer).

## FOURTEENTH COUNT - FDCPA VIOLATIONS DMP

124.  Plaintiff incorporates paragraphs 1 through 123 above.

16

125. At all times material to the Plaintiff's claims the defendant Debt Management Partners had authority from CashNetUSA to arrange with third parties the collection of the Plaintiff's CashNetUSA account and other CashNetUSA accounts.

126. The defendant Debt Management Partners entered into arrangements with each of the other defendant debt collectors named above to collect on the Plaintiff's CashNetUSA account, and in doing so made them its authorized representative and agent for the collection of that account.

127. Amounts recovered by the those defendant debt collectors on debt collections conducted pursuant to arrangements with Debt Management Partners were remitted to the defendant DebtManagement Partners, including amounts recovered by Commonwealth Recovery Service from the Plaintiff on the CashNetUSA account.

128. After the Plaintiff had entered into an agreement with the defendant Commonwealth Recovery Services, and after the Plaintiff had made his first payment on that settlement to CRS, the defendant Debt Management Partners continued to contract with the other defendant debt collectors named above for the collection of the Plaintiff's CashNetUSA account.

129. In doing so, the liability under the FDCPA of the other defendant debt collectors for the violations enumerated above is imputed to the defendant Debt Management Partners, thereby making it liable under the FDCPA for those violations.

130. Additionally, the defendant Debt Management Partners directly committed numerous violations of the FDCPA including § 1692d (harassment or abuse of a consumer in collecting a debt); § 1692d(4) (the advertisement for sale of the debt to coerce payment of the debt); § 1692d(5) (causing a telephone to ring or causing a person to engage in conversation repeatedly regarding a debt with intent to annoy, harass, or abuse any person at that number); § 1692e(10) (the use of any false representation or deceptive means to collect any debt from a consumer); § 1692f(1)(the collection or attempt to collect an amount not expressly authorized by

17

the agreement or permitted by law – in particular, the UCSPA).

## FIFTEENTH COUNT - PUNITIVE DAMAGES UCSPA

131. Plaintiff incorporates paragraphs 1 through 130 above.

132. The defendants CashNetUSA and Debt Management Partners and their member corporations and entities who had advance knowledge of the actions and conduct of said defendants and ratified such acts and conduct are liable to the Plaintiff for punitive damages, in that in perpetrating those acts and practices in violation of the UCSPA enumerated above, said defendants, and each of them, committed violations of the UCSPA, and acted with conscious disregard of the rights of Plaintiff and did so in an oppressive and despicable manner, all of which warrants the imposition of punitive damages pursuant to the Utah Code in an amount sufficient to punish defendants, and each of them, and deter them and others from engaging in similar wrongful conduct in the future.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

WHEREFORE Plaintiff respectfully requests this Court to:

A.    Award Plaintiff such damages as are permitted by law, both compensatory and punitive, including punitive damages from the defendant CashNetUSA and the defendant Debt Management Partners, including $1,000 statutory damages for each debt collector defendant's violation of the FDCPA, and including $2,000.00 in statutory damages for each violation by the defendants of the UCSPA, and in particular:

i. for an award of $1,000.00 in statutory damages under the FDCPA against each of the defendant debt collectors Debt Management Partners, Commonwealth Recovery Service, Joel Williams, Marvel & Associates, John Doe I, John Doe II, Jane Doe I, AvanteUSA, Dwayne (an employee of Avante USA), P.N.

Financial & Associates, John T. Sullivan, Robert Jenson.

ii. for an award of $2,000.00 in statutory damages against the defendant CashNetUSA for the UCSPA violations by the defendant Commonwealth Recovery Service;

iii. for an award of $2,000.00 in statutory damages against the defendant CashNetUSA for the UCSPA violations by the defendant Marvel & Associates;

iv. for an award of $2,000.00 in statutory damages against the defendant CashNetUSA for the UCSPA violations by the defendant AvanteUSA;

v. for an award of $2,000.00 in statutory damages against the defendant CashNetUSA for the UCSPA violations by the defendant P.N. Financial & Associates;

vi. for an award of $2,000.00 in statutory damages against the defendant Debt Management Partners for the UCSPA violations by the defendant Commonwealth Recovery Service;

vii. for an award of $2,000.00 in statutory damages against the defendant Debt Management Partners for the UCSPA violations by the defendant Marvel & Associates;

viii. for an award of $2,000.00 in statutory damages against the defendant Debt Management Partners for the UCSPA violations by the defendant AvanteUSA;

ix. for an award of $2,000.00 in statutory damages against the defendant Debt Management Partners for the UCSPA violations by the defendant P.N. Financial & Associates;

x. for an award of $2,000.00 in statutory damages against the defendant Commonwealth Recovery Service for its UCSPA violations;

xi. for an award of $2,000.00 in statutory damages against the defendant Joel Williams for his UCSPA violations;

x. for an award of $2,000.00 in statutory damages against the defendant Marvel & Associates Service for its UCSPA violations;

xi. for an award of $2,000.00 in statutory damages against the defendant John Doe I for his UCSPA violations;

xii. for an award of $2,000.00 in statutory damages against the defendant John Doe II for his UCSPA violations;

xiii. for an award of $2,000.00 in statutory damages against the defendant Jane Doe I for her UCSPA violations;

xiv. for an award of $2,000.00 in statutory damages against the defendant AvanteUSA for its UCSPA violations;

xv. for an award of $2,000.00 in statutory damages against the defendant Dwayne, an employee of AvanteUSA, for his UCSPA violations;

xvi. for an award of $2,000.00 in statutory damages against the defendant P.N. Financial & Associates for its UCSPA violations;

xvii. for an award of $2,000.00 in statutory damages against the defendant John T. Sullivan for his UCSPA violations;

xviii. for an award of $2,000.00 in statutory damages against the defendant Robert Jenson for his UCSPA violations.

B.  Award Plaintiff costs of suit and a reasonable attorney fees as provided for by statute;

C.  Award declaratory and injunctive relief, including:

i. a declaration that each of the defendant debt collectors is in violation of Utah Codes Ann. 12-1-1 et seq.;

ii. an injunction prohibiting each of the defendant debt collectors from collecting on any consumer debt in the State of Utah unless and until they have complied with Utah Code Ann. 12-1-1 et seq.

DATED this 14th day of December, 2009.

RONALD ADY
Attorney for Plaintiff Robert Lish

20

Posting Date:            2008-12-26
Sequence #:              8280168887
Account #:               ████████
Routing Transit:         12400154
Amount #:                $786.40
Check/Serial #:          000000000999
Bank #:                  602
Tran Code:               000999
IRD:                     0
ItemType:                P
BOFD:                    000000000
Cost Center:             N/A
Teller Number:           N/A
Teller Seq Number:       N/A
Processing Date:         N/A

---

WARNING: THIS DOCUMENT HAS SECURITY FEATURES IN THE PAPER

**Robert Lish**          **JP Chase Morgan**                          **999**

| REFERENCE | DATE | CHECK NO. | AMOUNT |
|-----------|------|-----------|--------|
| CM5574 | 12/20/2008 | 999 | $  **786.40 |

PAY    *SEVEN-HUNDRED-EIGHTY-SIX AND 40/100***************************************    Dollars

TO THE    **Commonwealth Recovery Service**
ORDER     2005 Niagara Falls Blvd
OF        Amherst, New York 14228

                                           SIGNATURE NOT REQUIRED
                                           Your depositor has authorized this payment to payee.
                                           Payee to hold you harmless for payment of this document.
MEMO                                       This document shall be deposited only to the credit of payee.

⑆12400154⑆ ██████ ⑈999          ⑆00000078640⑆

---

RBS CITIZENS NA 6375 S
EPROV, RI 12/22/2008
>011500120<
0066495663

PLEASE ENDORSE HERE

Image of 151 Close Print

Robert Lish

Utah Central CU

151

| REFERENCE | DATE | CHECK NO. | AMOUNT |
|---|---|---|---|
| CM5574 | 04/01/2009 | 151 | $ **786.00 |

PAY *SEVEN-HUNDRED-EIGHTY-SIX AND 00/100*************************************** Dollars

TO THE ORDER OF Commonwealth Recovery Servic
2005 Niagara Falls Blvd
Amherst, New York 14228

SIGNATURE NOT REQUIRED
Your depositor has authorized this payment to payee.
Payee to hold you harmless for payment of this document.
This document shall be deposited only to the credit of payee.

MEMO

⑆0000078600⑆

⑆324079474⑆ ⑆0000078600⑆

## Back of Check

PLEASE ENDORSE HERE

PAY TO THE ORDER OF
M&T BANK
022000046
FOR DEPOSIT ONLY
COMMONWEALTH RECOVERY SERVICE
9842757115

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE

5442 01847787.DJ1

M&T BANK 04012009

DJ1

022000046 04022009
M&T BANK BUFFALO, NY

© Copyright 2007



*P.N. FINANCIAL & ASSOCIATES*
*PO BOX 1431 SKOKIE. IL. 60076*
*PHONE: 877-588-6675  FAX: 847-675-5039*

November 6, 2009

**Docket Number: 151811-UT-0142**
**Social Security Number:**
**Creditor: CashNet U.S.A.**
**Account: 10268838**
**Judgment Amount: $1,912.50**

Robert Lish

**\*\* NOTICE OF JUDGMENT \*\***
**Docket # 151811-UT-0142**

### \*\*\*\*\*\* FINAL NOTICE OF JUDGMENT \*\*\*\*\*\*

Because you have refused to address this debt despite being given every opportunity to do so, **be advised that by November 18, 2009 if you have not accepted our terms and conditions**, we will have exhausted all voluntary methods of resolution. Our intentions are to seek whatever legal remedies are available. Additionally, you are cautioned that unless this balance is paid, **our office will execute all interest, legal fees, and/or penalties** allowable under the terms of the original contract in accordance with the state laws in which you reside.

You have been repeatedly advised of your long overdue balance in the amount of **$1,912.50**. Since you have not made payment **we have turned your account over to our attorneys and instructed them to commence suit without further delay**. However, there is still time to avoid a judgment. To avoid the additional burden of legal proceedings, you must resolve this matter by **November 18, 2009.** This will be your final opportunity to stop **lien, levy, and/or garnishments and the expense of court proceedings. Please be advised after November 18, 2009 the settlement offer will be null and void, and the above judgment amount will be due in full.**

We agree to accept the **final settlement amount of $1,243.13.** In order to take advantage of this offer **you must have a check or credit card payment set up in our office by November 18, 2009 dated no later than November 23, 2009.** Upon clearance of your check or credit card payment, we will notify the major trades, where applicable, and provide you with a release letter showing a zero balance on the above referenced account. If you have been summoned with a "Notice to appear "in regards to this claim, please disregard this notice.

Sincerely,

**John T. Sullivan, PC**
Attorney at Law,
1-877-588-6675

Payment options:

- Credit card ( Visa, MasterCard, Discover, debit card with Visa or MasterCard logo )

- Check-by-phone

- Money Gram instructions- receive code 5297, Company name "pnfinancial", PN Docket#.

- Mailing instructions: Make checks payable to:
  PN Financial Inc.
  Payment processing center-
  PO Box 1431 Skokie, IL. 60076

November 9, 2009

**P.N. FINANCIAL & ASSOCIATES**
PO BOX 1431 SKOKIE. IL. 60076
PHONE:877-588-6675  FAX:847-675-5039

Robert Lish

P.N. Account: 151811

**Docket Number: 151811-UT-0142**
**Creditor: P.N.Financial/CashNet U.S.A.**
**Account: 10268838**
**Amount Due: $1,912.50**
**Settlement: $500.00**

**\*\*\*\*\*\*\*\*\*\* STIMULUS SETTLEMENT \*\*\*\*\*\*\*\*\*\***

Dear Robert Lish,

During these turbulent financial times, we believe that your credit rating is more important than ever. Because of this, we would like to offer you one of our **"Stimulus Settlements".** If the amount of **$500.00** is paid to our office no later that **November 30TH 2009**, your above referenced account will be considered settled and satisfied. By accepting this offer and eliminating this negative item, you will improve your credit rating.

Contact us at 1-877-588-6675 to secure your arrangement.

Sincerely,
Robert Jenson
Account Specialist

This communication is from a debt collector attempting to collect a debt and any information obtained will be used for that purpose.
Payment options:

        Credit card ( Visa, MasterCard, Discover, debit card with Visa or MasterCard logo )